UNITED STATES BANKRUPTCY COURT   Hearing Date: March 10, 2011
EASTERN DISTRICT OF NEW YORK    Hearing Time: 10:00 a.m.
----------------------------------------------------------X
In re:                  (Chapter 11)

654 MYRTLE AVENUE CORP.,      Case No. 11-40072-jf

        Debtor.
----------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CASE WITH PREJUDICE, OR CONVERT THIS CASE TO A CASE UNDER CHAPTER 7 CASE, PURSUANT TO 11 U.S.C. § 1112(b)

Tracy Hope Davis, United States Trustee for Region 2 (the "United States Trustee"),

respectfully submits this memorandum in support of her motion for an order dismissing this case

with prejudice to refiling for one year, or in the alternative, converting this chapter 11 case to a

case under chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 1112(b) (the "Motion to

Dismiss"), and respectfully represents as follows:

## I. INTRODUCTION

There is cause to dismiss this case with prejudice to refiling for one year, under 11 U.S.C.

§§ 1112(b) and 349(a), or in the alternative, convert this chapter 11 case to a case under chapter

7 of the Bankruptcy Code.  654 Myrtle Avenue Corp. (the "Debtor") filed a previous single asset

real estate case, *pro se*, under chapter 11 of the Bankruptcy Code on September 29, 2010, that

was dismissed November 10, 2010 on the motion of secured lender Carver Federal Savings Bank

("Carver"), for, among other things, the Debtor's failure to retain counsel.

The Debtor filed its present chapter 11 case, *pro se*, on January 6, 2011, less than two

months after dismissal of the Debtor's previous case.  To date, the Debtor has not retained

counsel.  As the Debtor's previous case was dismissed for failure to retain counsel, the President

of the Debtor, Cesar Cerillo, knew the Debtor could not file a second chapter 11 case without

counsel yet he filed the Debtor's present case, *pro se*.  Accordingly, the case should be dismissed with prejudice to refiling for a year as a bad faith filing, or in the alternative, converted to a case under chapter 7, under section 1112(b) of the Bankruptcy Code.

## II.  STATEMENT OF FACTS

1.      On January 6, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, *pro se*, in this single asset real estate case (the "Present Case").  *See* ECF No. 1.  The petition was signed on behalf of the Debtor by Cesar Cedillo as President.  *Id.*

2.      The Debtor's sole asset is commercial real property located at 654 Myrtle Avenue, Brooklyn, New York (the "Real Property"), valued at $620,000 and encumbered by Carver's secured lien in the amount of $620,000.  *See* Schedules A and D, ECF No. 1.  The Debtor lists no other assets or liabilities.  *See* ECF No. 1.

3.      Counsel has not appeared in the case on behalf of the Debtor, and the Debtor has not filed an application to retain counsel.  *See* Declaration of Robert Stavis, dated February 9, 2011 (the "Stavis Decl."), ¶ 2.

4.      This is the Debtor's second chapter 11 filing.  The Debtor's previous chapter 11 case (no. 10-49213) was filed, *pro se*, on September 29, 2010, by Mr. Cedillo as President (the "Previous Case").  *See* Docket of Case No. 10-49213.  On October 1, 2010, Carver filed a motion to dismiss the Previous Case.  Docket of Previous Case, ECF No. 5.  Carver's motion alleges that it obtained a Judgment of Foreclosure and Sale on June 24, 2010 in an action commenced in Supreme Court of New York, County of Kings, under Index No. 17286/2009, to foreclose on the Real Property, and scheduled a foreclosure sale to be conducted on September 30, 2010.  *Id.*, at ¶¶ 6-9.  The Debtor filed its petition in the Previous Case the day before the sale.  The Debtor never retained counsel and, on November 10, 2010, the Previous Case was

dismissed on Carver's motion for the Debtor's failure to retain counsel.  ECF No. 11.

5.　　　The United States Trustee has not appointed a committee of unsecured creditors. No trustee has been appointed and the Debtor remains debtor-in-possession.

6.　　　The Debtor has failed to provide proof of insurance of the estate and its real property to the United States Trustee.  *See* Stavis Decl., ¶ 3.

7.　　　To date, the Debtor has failed to cure filing deficiencies, including the failure to file a statement of financial affairs.  *See* Stavis Decl., ¶ 4.

8.　　　The meeting of creditors under section 341(a) of the Bankruptcy Code was scheduled for February 7, 2011.  *See* ECF No. 3.  No one appeared on behalf of the Debtor at the meeting of creditors on February 7, 2011.　*See* Stavis Decl., ¶ 5.

### III.  ARGUMENT

#### A.  Cause Exists to Dismiss This Chapter 11 Case

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the Court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."  11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) lists provides fifteen examples of cause.  Section 1112(b)(4) lists provides fifteen examples of cause, including

> (A)　　substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B)　　gross mismanagement of the estate;
>
> (C)　　failure to maintain appropriate insurance that poses a risk to the estate or the public;
>
> (D)　　unauthorized use of cash collateral substatntially harmful to 1 or more creditors;

(E)    failure to comply with an order of the court;

(F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G)    failure to attend the meeting of creditors . . . ;

(H)    failure timely to provide information or attend meetings reasonably requested by the United States trustee . . .;

(I)    failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J)    failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K)    failure to pay any fees or charges required under chapter 123 of title 28 . . .

11 U.S.C. § 1112(b)(4).  *See* 11 U.S.C. § 1112(b)(4).  The list of factors is non-exclusive.  *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  *See also In re State Street Assoc., L.P.,* 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting that Section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case).  A party need not demonstrate that all the elements of "cause" can be met.  *See In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case.  *1031 Tax Group*, 374 B.R. at 93; *cf. In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or *sua sponte* upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b).).

To maintain the case in chapter 11, the debtor or another party in interest must specifically identify "unusual circumstances" establishing that converting or dismissing the case is not in the best interests of creditors and the estate.  11 U.S.C. § 1112(b)(2).  Additionally, the

Debtor must show that there is a reasonable likelihood that a plan will be confirmed within the time-frames established in 11 U.S.C. § 1121(e) and 1129(e), or within a reasonable period of time. 11 U.S.C. § 1112(b)(2)(A); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 561 (Bankr.M.D.Pa. 2007). To the extent that the grounds for cause involved an act or omission of the debtor (other than those grounds under 1112(b)(4)(A)), the debtor or other party in interest must show that there exists a reasonable justification for the act or omission and that it will be cured within a reasonable period of time fixed by the Court. 11 U.S.C.§1112(b)(2)(B).

### 1.    The Debtor is Not Represented By Counsel

It is well-settled that a corporation must be represented by counsel in its bankruptcy case. *See Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (corporations and partnerships must be represented by a licensed attorney in Federal Court and are precluded from appearing through a lay representative); *Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675, 677 (2d Cir. 1989) ("Under the rules of this Circuit, a corporation may not appear *pro se*. Papers submitted on behalf of a corporation for whom no counsel has entered an appearance may not be filed."); 28 U.S.C.A. § 1654.

The Debtor's previous case was filed *pro se* by its President, Cesar Cedillo and was dismissed for failure to retain and appear by counsel. Mr. Cedillo filed the Debtor's present case, *pro se*, less than two months after the Debtor's first case was dismissed, and again failed to retain and appear by counsel in its current case. *See* Stavis Decl., ¶ 2. As the Debtor is not represented by counsel, cause exists to dismiss this case pursuant to 11 U.S.C. § 1112(b).

**2.    The Debtor has Failed to Provide Proof of Insurance
of the Estate and its Real Property**

Section 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or the public" is cause for dismissal or conversion of a chapter 11 case. *See* 11 U.S.C. ¶ 1112(b)(4)(C). The Debtor has failed to provide proof to the United States Trustee that the estate and the real property of the estate are insured. *See* Stavis Decl., ¶ 3.

In the landmark case of *Reading Co. v. Brown*, 391 U.S. 471, 783-484, 88 S.Ct. 1759, 1766 (1968), the United States Supreme Court held that post-petition tort claims are entitled to administrative priority. Courts in the Second Circuit have held that *Reading Co. v. Brown* remains viable under sections 503 and 507 of the Bankruptcy Code. In *In re Enron*, 2003 WL 1562201, (Bankr. S.D.N.Y. March 17, 2003), the Bankruptcy Court considered whether a claim based on a post-petition conversion of a commodity is entitled to administrative expense priority. In *Enron*, the Bankruptcy Court adopted the holding of *Reading Co. v. Brown* and held that, "claims based on tort resulting from the post-petition operation of a debtor's business are entitled to payment prior to payment of those creditors who were meant to benefit from the business's continued operation." *Id.* at *8. "Insuring estate property against loss or destruction is one of the fundamental [fiduciary duties of debtors in possession]." *In re Campbell-Erskin Appothecary, Inc*., 302 B.R. 169, 174 (Bankr. W. D. Pa. 2003).

Failing to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause under section 1112(b)(4)(C). *In re Daniels*, 362 B.R. 428, 435 (Bankr. S. D. Iowa 2007). Thus, the Debtor's case should be dismissed under section 1112(b)(4)(C).

**3.    The Debtor Failed to Appear at the Meeting of Creditors**

Grounds exist to dismiss or convert this case under section 1112(b)(4)(G) for the Debtor's failure to attend the meeting of creditors under section 341(a) of the Bankruptcy Code.

11 U.S.C. §1112(b)(4)(G).

The meeting of creditors, under section 341(a) of the Bankruptcy Code, was scheduled for February 7, 2011.  *See* ECF No. 3.  Neither the Debtor's representative nor an attorney for the Debtor appeared at the meeting.  *See* Stavis Decl., ¶ 5.  Accordingly, the case should be dismissed or converted under 11 U.S.C. §1112(b)(4)(G).

**4.      Debtor Failed to Cure Filing Deficiencies**

The Debtor has failed to cure filing deficiencies, including the failure to file a statement of financial affairs.  *See* Stavis Decl., ¶ 4.  The Debtor was required to file its schedules and statement of financial affairs no later than 14 days after the Petition Date.  *See* 11 U.S.C § 521(a) and Fed. R. Bankr. P. 1007(c).  To date, the Debtor has failed to file schedules and its statement of financial affairs.  Accordingly, the Court should dismiss the case under section 1112(b)(4)(F).

**B.      The Case Should Be Dismissed With Prejudice to Refiling for One Year**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate."  11 U.S.C. § 1112(b).  *See also In re Gonic Realty Trust*, 909 F.2d 624, 626-676 (1st Cir.1990) (the bankruptcy court has broad discretion to convert or dismiss a chapter 11 case).  Further, pursuant to 11 U.S.C. § 349(a), the court has authority to dismiss a debtor's bankruptcy case with prejudice to refiling.  *In re Montalvo*, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009).  Section 349(a) provides that

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

The decision to dismiss a case with prejudice is within the court's discretion.  *Id.* at 389 (*citing In re Ventura*, 375 BR. 103 (Bankr. E.D.N.Y. 2007)).  The Second Circuit has long held that when dismissing a chapter 11 case under section 1112(b), the bankruptcy court may

preclude the debtor from refiling for bankruptcy relief for a specified period. *See, e.g., In re Casse*, 198 F.3d 327, 339-41 (2d Cir. 1994) (it is within the sound discretion to dismiss a case with a bar to refiling for a particular period). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. *In re Ladd*, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); *In re McClure*, 69 B.R. 282 (Bankr. N.D. Ind. 1987); *see also In re Jones*, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); *In re Phoenix Land Corp.,* 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case in order to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of one year).

Dismissal with prejudice is warranted where the debtor acted in bad faith, caused delay that harms the estate, creditors and other parties in interest, or failed to fulfill its duties as a debtor-in-possession. *See In re Phoenix Land Corp.*, 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). Although recognizing that dismissal with prejudice is a drastic remedy, courts have found dismissal with prejudice is appropriate where a debtor has failed to comply with the mandatory duties imposed upon a debtor. *See In re Steinmetz Group, Ltd.*, 85 B.R. 633 (Bankr.S.D.Fla.1988) (dismissing case with prejudice based on debtor's failure to attend section 341 meeting); *In re Ladd*, 82 B.R. 476 (Bankr.N.D.Ind. 1988) (dismissing case with prejudice where debtor failed to appear at three 341 meetings); *In re Martin-Trigona*, 35 B.R. 596, 601-02 (Bankr.S.D.N.Y. 1983) (dismissing case with prejudice where debtor failed to file plan or schedules, failed to cooperate during meeting of creditors, and violated injunction barring re-filing).

If the moving party can prove the debtor's bad faith through egregious conduct, a court may dismiss a bankruptcy case with prejudice. *In re Ventura*, 375 B.R. at 109; *see also In re Hall*, 258 B.R. 908 (N.D.Ind. 2001) ("Dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."). For example, dismissal with prejudice is appropriate where the Court is faced with a debtor's serial filings. *In re Casse*, 219 B.R. 657 (Bankr.E.D.N.Y. 1998), *aff'd*, 198 F.2d 327 (2d Cir. 1999); *In re Gonzalez-Ruiz*, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006); *In re Glenn*, 288 B.R. 516 (Bankr.E.D.Tenn. 2002).

A review of this "[D]ebtor's overall conduct throughout the entire bankruptcy process" can only lead to a determination that the Debtor's case should be dismissed with prejudice for one year. *See In re Ladd*, 82 B.R. at 477. The Debtor filed two cases separated by less than two months. Here, as in its previous case, the Debtor's owner filed a petition on behalf of the Debtor, *pro se*, even though he knew or should have known that the Debtor was required to appear through counsel. In both cases, the Debtor failed to comply with its basic duties as a debtor-in-possession, including appearing at the section 341 meeting, filing schedules and a statement of financial affairs, and providing proof of insurance of estate assets, and has taken no steps toward reorganization.

The Debtor filed its Previous Case on the eve of a foreclosure sale of the Real Property by Carver. Likewise, the current case was apparently filed to stay a foreclosure sale. If this case is not dismissed with prejudice, the Debtor will undoubtedly commence a third bankruptcy case on the eve of any adverse action commenced by Carver, again with no intention of taking the steps necessary to successfully reorganize.

## IV. NOTICE

The United States Trustee served the Notice of Motion, this Memorandum of Law, and

the Stavis Declaration upon the Debtor and upon Cesar Cerillo, as President, all parties on the mailing matrix, and parties who have filed Notices of Appearance in the case, if any.  The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V.  **CONCLUSION**

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order dismissing this case with prejudice to refiling for one year, or converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, pursuant to section 1112(b) of the Bankruptcy Code; and granting other and further relief as is just and proper.

Dated: Brooklyn, New York  
        February 14, 2011

TRACY HOPE DAVIS  
UNITED STATES TRUSTEE  
REGION 2

By:      _/s/ Jacqueline A. Frome_  
         Jacqueline A. Frome (JF-8580)  
         Trial Attorney  
         271 Cadman Plaza East  
         Room 4529  
         Brooklyn, New York 11201  
         Phone:  (718) 422-4960  
         Fax: (718) 422-4990  
         Email:  jacqueline.a.frome@usdoj.gov